**In re Patrick C. SEALY, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–74**

District of Columbia Court of Appeals.

Submitted March 4, 1999.

Decided March 18, 1999.

Before SCHWELB and FARRELL, Associate Judges, and KING, Senior Judge.

PER CURIAM.

Respondent Patrick C. Sealy was disbarred in the State of New York for submitting, over a four-year period, vouchers for compensation as a court-appointed attorney for work that he had not performed. Respondent did not report his disbarment to Bar Counsel as required by D.C. Bar R. XI, § 11(b).

After learning of respondent's disbarment through the ABA National Disciplinary Data Bank, Bar Counsel filed a certified copy of the disciplinary order with this court. We temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility. The Board has recommended that respondent be disbarred as reciprocal discipline. Bar Counsel takes no exception to the Board's recommendation, and respondent has filed no opposition to the recommendation.

■ There is a rebuttable presumption that the sanction imposed by this court in a reciprocal discipline case will be identical to that imposed by the original disciplining court. *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). This presumption is rebutted only if the respondent demonstrates or the face of the record reveals, by clear and convincing evidence, the existence of one of the conditions enumerated in D.C. Bar R. XI, § 11(c). *See* D.C. Bar R. XI, § 11(f).

■ Respondent's failure to take exception to the Board's recommendation amounts to a concession that reciprocal disbarment is warranted. *In re Goldsborough,* 654 A.2d 1285, 1287–88 (D.C.1995). Moreover, the record gives us no cause to believe that imposition of identical discipline is unwarranted. *See, e.g., In re Goffe,* 641 A.2d 458 (D.C.1994).

Accordingly, it is

■ ORDERED that Patrick C. Sealy be disbarred from the practice of law in the District of Columbia. The time for seeking reinstatement shall not begin to run until respondent files the affidavit required by D.C. Bar R. XI, § 14(g).

*So ordered.*